IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, | : | |
|   as s*uccessor to CCI Insurance Company,* | : | |
|   *as successor to Insurance Company of* | : | CIVIL ACTION |
|   *North America* | : | |
| | : | |
|            v. | : | NO. 08-3016 |
| | : | |
| URS CORPORATION | : | |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion To Remand, (Doc. No. 5), and Defendant's response thereto, (Doc. No. 10). For the following reasons, the case will be remanded.

**I.   BACKGROUND**

On April 9, 2008, Plaintiff filed a Praecipe to Issue Writ of Summons against Defendant in the Philadelphia Court of Common Pleas. (Doc. No. 5-4, Ex. 2.) Thereafter, Plaintiff attempted to conduct pre-complaint discovery. (Doc. No. 5-3 at 5-6.) On April 24, 2008, Defendant filed a Praecipe For Rule To File A Complaint. (Doc. No. 5-4, Ex. 2.) On May 9, 2008, Plaintiff filed a Motion For Extension Of Time To File A Complaint. (Doc. No. 5-4, Ex. 2.) On May 19, 2008, Defendant served a Notice of Praecipe to Enter Judgment of *Non Pros* for failure to file a complaint. (Doc. No. 5-3 at 6.) Defendant filed the Praecipe for Judgment of *Non Pros* on June 2, 2008. (Doc. No. 5-4, Ex. 2.) On June 2, the Prothonotary of the Court of Common Pleas entered a judgment of *non pros* against Plaintiff. (*Id*.) The Prothonotary later terminated Plaintiff's Motion For An Extension Of Time as moot. (Doc. No. 5-4, Ex. 2.)

On June 11, Plaintiff filed a Petition To Open Judgment Of *Non Pros*. (Doc. No. 5-4)

Plaintiff's Petition sought relief on two theories, in the alternative. Plaintiff argued primarily that it should be relieved from the judgment of *non pros* under Pennsylvania Rule of Civil Procedure 3051 and permitted to conduct pre-complaint discovery prior to filing a complaint. (*Id*. ¶¶ 87-91.) In the alternative, Plaintiff sought relief pursuant to Pennsylvania Rule of Civil Procedure 237.3. (*Id*.) Rule 237.3 requires a movant to attach a proposed complaint. *See* Pa. R. Civ. P. 237.3(a) ("A petition for relief from a judgment of *non pros* or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file."). Plaintiff attached a proposed complaint as an exhibit to its motion. (Doc. No.5-4, Ex. A.)

On June 27, 2008, before the Court of Common Pleas could rule on Plaintiff's Petition To Open Judgment Of *Non Pros*, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. (Doc. No. 1.) Plaintiff filed the instant Motion To Remand on July 10, 2008. (Doc. No. 5.)

**II.     ANALYSIS**

Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441. Section 1441 is applied in conjunction with 28 U.S.C. § 1446, which provides, *inter alia*:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2

28 U.S.C. § 1446(b).  "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

Under the Pennsylvania Rules of Civil Procedure, a plaintiff may initiate an action either by filing a complaint, or by filing a praecipe for a writ of summons.  Pa. R. Civ. P. 1007.  The Rules further provide that a writ of summons need only contain the names of the plaintiffs and defendants, the date of the writ, the county in which it was issued, and notice that an action has been commenced.  Pa. R. Civ. P. 1351.  Because it is possible for a plaintiff to commence an action in Pennsylvania without filing a formal complaint, federal courts in this jurisdiction have frequently had to address when a civil action in Pennsylvania courts may be properly removed to federal court.  In *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005), the Third Circuit held that a writ of summons was insufficient to support removal, and that only the filing and serving of a complaint was sufficient to meet Section 1446(b)'s definition of an "initial pleading."  *Id*. at 222-223.  Following *Sikirica*, courts in this district have addressed several cases involving the proper timing of removal from Pennsylvania courts.  *See Polanco v. Coneqtec Universal*, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) (thirty day removal period triggered by filing of complaint, not writ of summons); *Lane v. CBS Broadcasting Inc.*, Civ. A. No. 08-0777, 2008 WL 910000 at *2-7 (E.D. Pa. Apr. 2, 2008) (a praecipe for writ of summons served along with a detailed notice of discovery is not an initial pleading); *Campbell v. Oxford Electronics, Inc.*, Civ. A. No. 07-0541, 2007 WL 2011484 at *1-2 (E.D.Pa. Jul. 5, 2007) (civil cover sheet accompanying writ of summons not an initial complaint); *Quigley Corp. v. Wachovia Ins. Services, Inc.*, Civ. A. No. 07-1343, 2007 WL 2031780 at *2-3 (E.D. Pa. Jul. 6, 2007)

(unfiled draft complaint proffered during settlement negotiations is not initial pleading).

Here, Defendant argues that Plaintiff's draft complaint falls under Section 1446(b)'s definition of "initial pleading" because it was both "filed" and "verified" by the signature of Plaintiff's counsel. (Doc. No. 10-2 at 9.) Such an interpretation ignores the procedural context of this case. Removal here was improper because it is clear from the record that no initial pleading was ever filed in the Court of Common Pleas. Defendant's Notice of Removal is based upon a proposed complaint attached as an exhibit to Plaintiff's Petition to Open Judgment of *Non Pros*. (*See* Doc. No. 1 ¶¶ 9-10.) This exhibit was never entered on the docket as a formal pleading, nor served upon Defendant as such. Absent a favorable ruling on Plaintiff's Motion pursuant to Pennsylvania Rule of Civil Procedure 237.3, the proposed complaint remains nothing more than an exhibit to a motion. Thus, there was no initial pleading as contemplated by Section 1446(b). *See Polanco*, 474 F. Supp. 2d at 737 ("The initial pleading described in § 1446(b) is the complaint, not the summons, praecipe for writ of summons, or some other document like a civil cover sheet."); *Quigley,* 2007 WL 2031780 at *3 ("Plaintiff's unfiled draft complaint is not an 'initial pleading.' . . . Plaintiff was free to alter the document or to refrain from filing it altogether.").

Defendant further argues that Plaintiff's draft complaint satisfies Section 1446(b)'s definition of "initial pleading" because, had the Court of Common Pleas granted Plaintiff's motion pursuant to Rule 237.3, the proposed complaint would have been automatically accepted by the Court and entered into the docket. (Doc. No. 10-2 at 10.) Plaintiff goes so far as to suggest that its removal motion was merely expediting matters by "sav[ing] the parties the time, effort and expense of going through the fairly *pro forma* process of having Century's petition

4

formally ruled upon.'" (*Id*. at 11.) What Defendant fails to recognize, however, is that Plaintiff's Motion pursuant to Rule 237.3 was made *as an alternative* to its Motion pursuant to Rule 3051. Had the Court of Common Pleas chosen to grant Plaintiff's requested relief under Rule 3051, Plaintiff would have been afforded the opportunity to conduct pre-complaint discovery and formally file its initial pleading thereafter. Under these circumstances, the proposed complaint upon which Defendant relies in its notice of removal clearly would not be the initial pleading in this matter. Moreover, if the Court of Common Pleas had granted relief pursuant to Rule 3051, it may be fairly assumed that the initial pleading ultimately filed by Plaintiff would draw upon the evidence developed in pre-complaint discovery. It therefore could be substantially different from the draft complaint appended to its Rule 237.3 Motion. In *Sikirica*, the Third Circuit reminds us that "[in] the legislative history of Section 1446(b) . . . Congress stated its intent to eliminate the situation wherein a defendant who has not received the complaint must decide whether to remove 'before he knows what the suit is about.'" *Sikirica,* 416 F.3d at 222 (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999)). Obviously, the availability of pre-complaint discovery could have a significant impact on "what the suit is about." The decision concerning whether to grant Plaintiff relief under Rule 237.3 or Rule 3051, or not at all, would hardly be considered *pro forma*.

  For the foregoing reasons, Plaintiffs motion for remand will be granted.

  Finally, while we find Defendant's notice of removal to be untimely, on the record before us, we cannot conclude that it was filed in bad faith. Therefore, Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. §1447(c) will be denied.

  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, | : | |
|   *as successor to CCI Insurance Company,* | : | |
|   *as successor to Insurance Company of* | : | CIVIL ACTION |
|   *North America* | : | |
| | : | |
| v. | : | NO. 08-3016 |
| | : | |
| URS CORPORATION | : | |

## ORDER

AND NOW, this ___23rd___ day of July, 2008, having considered Plaintiff's Motion To Remand, (Doc. No. 5), it is ORDERED as follows:

1. Plaintiff's Motion to Remand is GRANTED and this case is remanded to the Court of Common Pleas of Philadelphia County; and

2. Plaintiff's request for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge